**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENYATTA QUINN MITCHELL,<br><br>                    Petitioner,<br>vs.<br>WARDEN PADRIX, et al.,<br><br>                    Respondent. | CASE NO. 13cv480-WQH-DHB<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 27) issued by United States Magistrate Judge David H. Bartick, recommending that this Court deny Petitioner Kenyatta Quinn Mitchell's First Amended Petition for Writ of Habeas Corpus (ECF No. 13).

**I.    Background**

On January 27, 2011, a jury in San Diego County Superior Court found Petitioner guilty of carrying a concealed dirk or dagger, in violation of California Penal Code § 12020(a)(4).[1] (Lodgment 1 at 1-2). Petitioner admitted a prior strike conviction, and a prior prison term. (Lodgment 6 at 117-19). The state court sentenced Petitioner to state prison for a term of five years. (Lodgment 1 at 119).

---

[1] Petitioner was charged and convicted under the 2010 version of California Penal Code § 12020. In 2012, § 12020 was renumbered with no substantive changes. Section 12020 (a)(4) is now § 21310. For purposes of this Order, the Court will refer to the 2010 version of the statute.

On August 28, 2012, the California Court of Appeal affirmed the judgment in part, and reversed in part. (Lodgment 10). After the opinion was filed, the Superior Court informed the Court of Appeal that a portion of the transcript and the court's minutes from January 26, 2012 had been omitted from the initial appellate record. Based on the new information provided by the Superior Court, the Court of Appeal granted rehearing, augmented the record, and gave the parties an opportunity to file supplemental letter briefs. (Lodgment 12). On October 11, 2012, the California Court of Appeal affirmed the judgment of the trial court. (Lodgment 15). On January 24, 2013, the California Supreme Court denied Petitioner's petition for review without comment. (Lodgment 17).

On February 27, 2013, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of California. (ECF No. 1). On May 8, 2013, Petitioner filed his First Amended Petition for Writ of Habeas Corpus. (ECF No. 13). Petitioner alleges his federal constitutional rights were violated on four grounds: (1) California Penal Code § 12020 violates the Second Amendment; (2) Petitioner's sentence is cruel and unusual in violation of the Eighth Amendment; (3) the jury was improperly instructed on the elements of the offense; and (4) Petitioner was not properly informed about his rights relating to his prior convictions. On July 11, 2013, Respondent filed an Answer. (ECF No. 15). On August 26, 2013, Petitioner filed a Traverse. (ECF No. 24).

On February 3, 2014, the Magistrate Judge issued the Report and Recommendation, recommending that the Petition be denied in its entirety. (ECF No. 27). On March 8, 2013, Petitioner filed objections to the Report and Recommendation. (ECF No. 28). The docket reflects that Respondent did not file a reply to Petitioner's objections.

**II.  Review of the Report and Recommendation**

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28

U.S.C. § 636(b)(1).  When a party objects to a report and recommendation, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).  A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case.  After consideration of the entire file, including Petitioner's objections, the Court finds the February 3, 2014 Report and Recommendation supported by the record and by proper analysis.[2]  The Court finds that Petitioner has failed to demonstrate that he is entitled to relief pursuant to 28 U.S.C. § 2254(d).  The Court concludes that the Magistrate Judge correctly determined that the First Amended Petition should be denied.  The Court adopts the Report and Recommendation in its entirety.

### III.  Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "[A] [certificate of appealability] should issue when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated in the Report and Recommendation, the Court concludes

---

[2] On February 13, 2014, the Court of Appeals for the Ninth Circuit reversed and remanded *Peruta v. County of San Diego*, 758 F. Supp. 2d 1106 (S.D. Cal. 2010), which is cited in the Report and Recommendation. *See Peruta v. County of San Diego*, 742 F.3d 1144 (9th Cir. 2014).  The Ninth Circuit's decision does not impact the findings by the Magistrate Judge in the Report and Recommendation.

1  that jurists of reason would not find it debatable whether this Court was correct in
2  denying the First Amended Petition. The Court denies a certificate of appealability.
3  **IV.    Conclusion**
4       IT IS HEREBY ORDERED that the Report and Recommendation is ADOPTED
5  in its entirety. (ECF No. 27). The First Amended Petition for Writ of Habeas Corpus
6  is DENIED. (ECF No. 13). A certificate of appealability is DENIED. The Clerk of the
7  Court shall close this case.
8  DATED: June 3, 2014

**WILLIAM Q. HAYES**
United States District Judge